**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONCRETE SURFACE INNOVATIONS, INC.,**

    **Plaintiff,**

**-vs-**                                                                   Case No. 6:10-cv-568-Orl-28GJK

**MICHAEL McCARTY and SPRING CLEANING, INC. d/b/a SCI Floors a/k/a SCI Floors, Inc.,**

    **Defendants.**

## ORDER

    Plaintiff initiated this case by filing a Complaint in state court on March 2, 2010. (Doc. 2). Plaintiff filed an Amended Complaint in state court on March 17, 2010. (Doc. 3). Defendants removed the case to this Court on April 16, 2010. (Notice of Removal, Doc. 1). The case is now before the Court on Plaintiff's Emergency Motion for Remand (Doc. 5).

    Plaintiff argues that Defendants' notice of removal was untimely, asserting that the action was removable based on the initial Complaint. However, in the initial Complaint, Plaintiff only asserted a claim for damages "in excess of $40,000" as well as $5000 in attorney's fees. (Doc. 2 at 7). The Court cannot conclude that the case as initially filed was removable. The Notice of Removal was timely because it was filed within thirty days of receipt by Defendants of the Amended Complaint, which was filed on March 17, 2010. See

28 U.S.C. § 1446(b).

Plaintiff also argues that "SCI Floors, Inc." has its principal place of business in Florida and that therefore the case is not removable. Plaintiff asserts that at an evidentiary hearing held in state court on March 30, evidence was "presented without objection" showing that "SCI Floors, Inc., has its principal place of business in Florida." (Doc. 5 at 1-2). However, this evidence relied upon by Plaintiff—attached to its motion—does not establish that any Defendant has its principal place of business in Florida. That evidence is an "Application by Foreign Corporation for Authorization to Transact Business in Florida" and indicates that Defendant Spring Cleaning, Inc.—undisputedly a North Dakota corporation—has applied for authorization to transact business in Florida under the name "SCI Floors, Inc." (See Ex. 2 to Doc. 5). This document does not establish that Spring Cleaning, Inc., SCI Floors, Inc., or any other entity has its "principal place of business" in Florida as asserted by Plaintiff.

Plaintiff also asserts, as justification for the "emergency" labeling of its motion, that a hearing has been begun but not completed in state court with regard to the underlying dispute in this case. However, Plaintiff has not presented any authority for the proposition that such ongoing proceedings render an otherwise proper removal improper; indeed, there is authority to the contrary. See 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, Federal Practice and Procedure § 3736, at 687 (4th ed. 2009) (noting that even where trial has begun in state court, "[i]f the removal is proper and timely, it is not objectionable").

In sum, Plaintiff has not presented a basis for remand of this matter to state court. Accordingly, Plaintiff's Emergency Motion for Remand (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 19th day of April, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record